UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PATRICK A. CANNAVAN,

Plaintiff,

v.

NEWSOM, *et al.*

Defendants.

No. 1:26-cv-6498-KES-EPG (PC)

FINDINGS AND RECOMMENDATIONS, RECOMMENDING THIS ACTION BE DISMISSED AS DUPLICATIVE

(ECF No. 1)

OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS

## I. INTRODUCTION

Plaintiff Patrick A. Cannavan is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C 1983. (ECF Nos. 1 and 8). Plaintiff filed the complaint commencing this action on August 17, 2026. (ECF No. 1). Plaintiff's complaint puts forth a variety of allegations all stemming from July 16, 2026, involving his wheelchair equipment being removed and subsequent retaliatory hearings. (*See* ECF No. 1).

On August 20, 2026, the Court issued an order to show cause as to why this case should not be dismissed as duplicative, as it appears that Plaintiff's claims in the complaint are duplicative of an earlier lawsuit filed on July 20, 2026, *Cannavan v. Newsom*, et al., Case No. 1:26-cv-05670-FJS ("*Cannavan I*"). *See Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1055 (9th Cir. 2005) (noting that a court should give notice and an opportunity to respond before dismissing a case on claim preclusion grounds). On September 2, 2026, Plaintiff filed what appears to be a response to the Court's order to show cause, arguing that "cases are all related, all

persons acted with adverse actions within a single event, or a series of events." (ECF No. 10).

Upon review of the complaint and the response to the order to show cause, the Court shall recommend this action be dismissed as duplicative.

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff filed his complaint commencing this action on August 1, 2026. (ECF No. 1). In his complaint, Plaintiff names five defendants: (1) Governor Gavin Newsom; (2); CDCR; (3) Secretary of the CDCR, Jeff Macomber, (4) Acting Captain J. Sandoval; and (5) T. Ortiz.

In his complaint, Plaintiff presents claims pursuant to a list of constitutional amendments, federal laws and statutes, and miscellaneous legal cases and theories. (*Id.* at 4-10). The complaint is difficult to decipher, in that, Plaintiff goes from presenting his allegations and claims ranging from elder abuse to the Americans with Disabilities Act and a claim under RICO. (*Id.* at 5-7). He then goes on stating various cases and theories or policies that he purports support his claims. (*Id.*). To the extent the Court understands Plaintiff's allegations, it appears the incident giving rise to his claims occurred on July 16, 2026. (*Id.* at 4).

Plaintiff alleges that he is disabled and Defendants were all somehow involved in a July 16, 2026, incident that occurred with Plaintiff's wheelchair. Plaintiff seems to assert that he suffered disability discrimination under the Americans with Disabilities Act ("ADA") and was subjected to retaliatory RVRs and "adverse actions."

## III. ORDER TO SHOW CAUSE AND RESPONSE TO THAT ORDER

On August 20, 2026, the Court issued an order to show cause as to why this case should not be dismissed as duplicative, as it appeared that Plaintiff's claims in the complaint are duplicative of an earlier lawsuit filed on July 20, 2026, *Cannavan v. Newsom*, et al., Case No. 1:26-cv-05670-FJS ("*Cannavan I*"). Plaintiff filed a response to the order to show cause on September 2, 2026. (ECF No. 10).

Upon review of the response, which is captioned "Objections to Magistrate Judges Findings and Recommendations…," and argues that the "cases are all related, all persons acted with adverse actions within a single event, or a series of events." (ECF No. 10, at p. 1). Rather than provide a reason that the case is not duplicative, Plaintiff lists dozens of cases that Plaintiff claims related to the same conduct. (ECF No. 10, at p. 6). Moreover, Plaintiff's response

recounts the same July 16, 2026, incident in which Defendant Lamas removed parts from his wheelchair causing Plaintiff to be ejected from the wheelchair. He goes on to state he was discriminated against because of his disability and he suffered "adverse actions" for seeking enforcement of certain policies and filing grievances. (ECF No. 10 at 3). Thus, Plaintiff's response appears to confirm, rather than refute, that the current action is duplicative of other pending cases, including *Cannavan v. Newsom*, et al., Case No. 1:26-cv-05670-FJS.

**IV. DUPLICATIVE ACTION**[1][2]

***Cannavan v. Newsom, et al.*, Case No. 1:26-cv-05670-FJS**

On July 20, 2026, Plaintiff filed a complaint commencing the action *Cannavan v. Newsom*, et al., Case No. 1:26-cv-05670-FJS ("*Cannavan I").* (ECF No. 1). In the *Cannavan I* complaint, Plaintiff names the following defendants: (1) Governor Gavin Newsom; (2) CDCR Division of Adult Services; (3) Jeff Macomber; and (4) A. Lamas. (*Id.* at 2-3).

As with the current case, Plaintiff's complaint in *Cannavan I* provides a list of constitutional amendments, federal laws and statutes, and case law and theories. The complaint asserts the same claims related to the July 16, 2026 incident, including violation of the ADA, retaliatory RVRs and adverse actions, and various state law violations. The complaint also includes the same Defendant Newsom.

The only factual allegations presented by Plaintiff relate to the July 16, 2026, incident where Plaintiff alleges that Defendant Llamas removed the wheelchair leg supports from his wheelchair, causing Plaintiff's feet to be caught in the wheels, flipping the wheelchair, ejecting Plaintiff, and sending Plaintiff to the emergency room for treatment of his injuries. (*Id.* at 5). Plaintiff also alleges that he filed grievances and was "disciplined" and suffered "retribution by RVR stacking." (*Id.* at 6).

As for relief, Plaintiff seeks the establishment of a training fund, along with $836,000 in punitive damages, and an unidentified declaratory judgment with unspecified injunctive relief.

---

[1] The court further notes that Plaintiff filed nearly twenty other cases that may also be duplicative of *Cannavan I*. *See, e.g.*, Case Nos. 1:26-cv-05903-SAB; 1:26-cv-06027-CDB; 1:26-cv-06029-BAM; 1:26-cv-06033-BAM; 1:26-cv-06034-EPG; 1:26-cv-06035-FJS; 1:26-cv-06038-SAB; 1:26-cv-06041-EGC; 1:26-cv-06042-SAB; 1:26-cv-06044-SAB; 1:26-cv-06045-BAM; 1:26-cv-06048-FJS; 1:26-cv-06049-CDB; 1:26-cv-06051-FJS; 1:26-cv-06152-EGC; 1:26-cv-06165-HBK.

[2] As of September 2, 2026, the following cases have been dismissed as duplicative: 1:26-cv-06034-EPG; 1:26-cv-06035-FJS; 1:26-cv-06046-EPG; 1:26-cv-06048-FJS; 1:26-cv-06051-FJS.

(*Id.* at 5).

## V. LEGAL STANDARDS

Duplicative lawsuits filed by a plaintiff proceeding *in forma pauperis* are subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e). *See, e.g.*, *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *McWilliams v. State of Colo*., 121 F.3d 573, 574 (10th Cir. 1997); *Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir. 1993); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). A complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under § 1915. *Cato*, 70 F.3d at 1105 n.2; *Bailey*, 846 F.2d at 1021. "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the comprehensive disposition of litigation." *Adams v. Cal. Dep't of Health Servs*., 487 F.3d 684, 692–93 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

"[I]n assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Adams*, 487 F.3d at 689 (citations omitted). "Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Id.* at 688 (internal quotations and citations omitted). That plaintiff was denied leave to amend does not give plaintiff the right to file a second, duplicative lawsuit. If the causes of action and relief sought are the same and involve the same parties or their privies, the duplicative lawsuit may be dismissed with prejudice. *Adams*, 487 F.3d at 688.

## VI. ANALYSIS

Based on review of the complaint filed in the instant action, as well as the complaint in *Cannavan I*, the Court believes the instant action is duplicative.

The allegations in the complaint in *Cannavan I* relate to the July 16, 2026 wheelchair incident, RVR retaliation and "adverse action," and ADA discrimination that are asserted in the complaint filed in the instant action. In both cases, Plaintiff alleges that on July 16, 2026, he was injured and experienced ADA discrimination and then suffered retaliation for filing grievances. Plaintiff seeks the same relief of an educational fund, along with similar amounts of punitive damages, and unspecified declaratory and injunctive relief.

Although Plaintiff names defendants Sandoval, and T. Ortiz, in this action, he names defendant Lamas and others and relates his factual allegations to the same claims in *Caravan I*. To the extent Plaintiff believes he may state a claim against the named defendants in this action which are also related to the July 16, 2026, wheelchair incident or alleged RVR retaliation, Plaintiff should raise those claims in *Cannavan I*, rather than attempting to bring a separate action.

Thus, it appears that Plaintiff has filed the same claims in this District, which would make this an improperly filed duplicative lawsuit.

## VII. CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action be dismissed as duplicative.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 9, 2026**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE